## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| AGRIPROCESSORS, INC. | ) | |
| | ) | **Bankruptcy No. 08-2751** |
| DEBTOR. | ) | |
| | ) | |
| JOSEPH E. SARACHEK, | ) | |
| in his capacity as | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | **Adversary No. 10-09170** |
| | ) | |
| v. | ) | |
| | ) | |
| ETANA JAFFE | ) | |
| | ) | |
| DEFENDANT. | ) | |

## RULING ON TRUSTEE'S MOTION TO AMEND TO CORRECT CLERICAL ERROR AND DEFENDANT'S MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT ON THE SECOND CAUSE OF ACTION

This matter came before the Court in a telephonic hearing on Defendant's

Motion for Summary Judgment and Trustee's Motion to Amend to Correct Clerical

Error.  Desiree Kilburg appeared on behalf of Plaintiff, Trustee Joseph E.

Sarachek.  M. David Graubard appeared on behalf of Defendant, Etana Jaffe.

After hearing the parties' arguments, the Court took the matter under advisement.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## STATEMENT OF THE CASE

Trustee filed an Amended Complaint alleging that within two years of the bankruptcy petition, Defendant received at least sixteen payments from the Debtor totaling $375,000.00.  Trustee seeks to recover these transfers as fraudulent conveyances under § 548 or as preferential transfers to an insider under § 547. Trustee's Amended Complaint inadvertently described Aaron Abraham Rubashkin as the insider instead of Defendant, Etana Jaffe.  Defendant moved for summary judgment on the § 547 claim, arguing that none of the transfers to Etana Jaffe occurred within ninety days of the bankruptcy petition.  Defendant's basic argument was Trustee could not use the one-year period preceding the bankruptcy as the preference period rather than ninety-day period for non-insiders because Defendant Etana Jaffe had not been designated as an insider.

Trustee filed a Motion to Amend his Complaint to Correct Clerical Error and filed a Resistance to Defendant's Motion for Summary Judgment.  Defendant filed a Resistance to Trustee's Motion to Amend and filed a Cross Motion for Summary Judgment, arguing that Trustee should not be able to amend his Complaint because any amendment would be futile.  Defendant argues futility of amendment because Trustee had denied that Defendant was a creditor of Debtor in response to a request for admission.  Trustee filed a Resistance to Defendant's Cross Motion for Summary Judgment.  He argued that he is allowed to plead inconsistent theories of

2

preference (which requires a debt) and fraudulent conveyance (no debt or

insufficient debt).  Trustee also asserts that Defendant herself had several times

admitted and argued she owed a debt.  For the reasons that follow, the Court grants

Trustee's Motion to Amend to Correct Clerical Error and denies Defendant's

Motion and Cross Motion for Summary Judgment on the Second Cause of Action.

## FACTUAL BACKGROUND

Debtor owned and operated one of the nation's largest kosher meatpacking

and food-processing facilities in Postville, Iowa.  On November 4, 2008, Debtor

filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New

York.  Debtor's bankruptcy petition and accompanying documents recited that its

financial difficulties resulted from a raid conducted by U.S. Immigration and

Customs Enforcement.  A total of 389 workers at the Postville facility were

arrested.  The raid led to numerous federal criminal charges, including a high-

profile case against Debtor's President, Sholom Rubashkin.  Debtor's petition also

stated it had over 200 creditors and assets and liabilities in excess of

$50,000,000.00.

The court eventually approved the appointment of Joseph E. Sarachek as the

Chapter 11 trustee.  The court concluded that appointing a trustee was necessary in

part "for cause, including fraud, dishonesty, incompetence, or gross

mismanagement of the affairs of the debtor by current management" under

3

§ 1104(a)(1).  After hearings in a later proceeding, the court transferred the case to

this Court on December 15, 2008.  This Court eventually converted the case to a

Chapter 7 bankruptcy.  The U.S. Trustee for this region retained Mr. Sarachek as

the Chapter 7 trustee.  On October 28, 2010, Trustee filed a Complaint against

Defendant seeking to avoid $375,000.00 worth of transfers as fraudulent

conveyances under § 548, which was later amended to include a preferential

transfer claim under § 547.

Within two years of the Debtor's filing of the bankruptcy petition, Debtor

transferred $375,000.00 to Defendant, a family friend of the Rubashkins.  The

checks to Defendant were written for $23,750.00 on the twentieth of each month

from November 2006 through October 2007.  Debtor also wrote checks to

Defendant on January 10th, April 10th, May 10th, and June 10th of 2008, and each

of these checks was for $22,500.00.  Defendant states she made cash loans to

Debtor between November 2004 and November 2006 totaling $142,500.00, and

that the Debtor's first six transfers to Defendant were in repayment of that loan.

Defendant says she made another loan to Debtor in May 2007 for $492,500.00, and

that the last ten transfers were in repayment of the second loan.  Trustee disagrees

with Defendant's statement of the facts, and believes that Defendant actually made

the loan to an entity known as Hilgar Ltd. rather than to Debtor.

4

# CONCLUSIONS OF LAW

## I.    Motion to Amend to Correct Clerical Error

Trustee filed the Motion to Amend to Correct Clerical Error after this Court

entered a Scheduling Order.  (Scheduling Order, ECF Doc. No. 6, at 1 (setting the

deadline for motions to amend pleadings at March 7, 2011).); (Motion to Amend to

Correct Clerical Error, ECF Doc. No. 47 (filed July 13, 2012).)  Trustee previously

filed a Motion to Amend Complaint to add a § 547 claim, which the Court granted

on November 15, 2011.  (Order, ECF Doc. No. 18.)  "If a party files for leave to

amend outside of the court's scheduling order, the party must show cause to

modify the schedule."  Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir.

2008) (citing Fed. R. Civ. P. 16(b)).  "The primary measure of good cause is the

movant's diligence in attempting to meet the order's requirements."  Morrison

Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) (quoting Sherman

v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008)).  After deciding

that the moving party has been diligent, courts may also consider the prejudice to

the non-moving party.  Sarachek. v. Chabad of N. Fulton (In re Agriprocessors,

Inc.), Bankr. No. 08-02751, Adv. No. 10-09131, 2011 WL 4900037, at * 4 (Bankr.

N.D. Iowa Oct. 14, 2011).  "If a party meets the good cause standard in Rule 16(b),

the Court must then consider the amendment standards set out in Rule 15."  Id.

(citing Sherman, 532 F.3d at 716).  Courts have a great deal of discretion in

deciding whether to allow amendments under Rule 15.  Id.  "A court abuses its

discretion when it denies a motion to amend a complaint unless there exists undue

delay, bad faith, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment."

Id. (quoting Popalii, 512 F.3d at 497).

## A.   Rule 16

Courts tend to deny amendments when the moving party has known of an

issue and failed to request an amendment in a timely manner.  See Sherman, 532

F.3d at 717 (finding that there was a lack of diligence when a party became aware

of an affirmative defense in May but did not ask for leave to amend its pleading

until the following January); Barstad v. Murray Cnty., 420 F.3d 880, 883 (8th Cir.

2005) (affirming district court's denial of leave to amend when parties knew the

claims they wanted to add when they filed their original complaint).  This is not the

case here.  Trustee is not trying to add a new claim based on facts that he has

known for months; he already added his new claim based on then-newly

discovered facts when he filed his first Amended Complaint.  In Trustee's current

motion, he is merely seeking to correct a clerical error that would properly identify

Defendant as the insider for preference purposes.  There is not a lack of diligence

on Trustee's part that would preclude him from amending the complaint under

Rule 16(b).

Allowing the amendment is not unduly prejudicial to Defendant.  Trustee's

Amended Complaint alleged:  "To the extent the Defendant provided consideration

for the payments, the payments made within the one-year period preceding the date

of the petition filing constituted transfers of an interest of the Debtor in property

for or on account of an antecedent debt owed by the Debtor before such transfers

were made."  (Amended Complaint, ECF Doc. No. 14, at 3.)  The next statement

says "Debtor made such transfer to or for the benefit of Aaron Abraham

Rubashkin, an insider based on the close relationship with the Debtor and lack of

arms' length dealing with the Debtor."  Id.  The context of the Amended

Complaint should have notified Defendant that Trustee's assertion about Aaron

Abraham Rubashkin's insider status was merely a clerical error, as the Trustee

discussed transfers that occurred within one year of the petition, which can only be

recovered by insiders under § 547(b).  At the time Trustee made the motion to

amend the complaint to substitute "Etana Jaffe" for "Aaron Abraham Rubashkin,"

Defendant still had time to engage in discovery on this issue.  (Order Approving

Motion to Continue Discovery Dates, ECF Doc. No. 61, at 1.)  Additionally, no

trial date has been set.  These facts demonstrate that Defendant would not be

unduly prejudiced by the amendment.  There is good cause to allow the

amendment under Rule 16(b).

## B.   Rule 15

Since good cause exists under Rule 16, the Court looks to Rule 15 to determine whether the amendment should be allowed.  Defendant argues that the amendment should be denied because it would be futile.  "Denial of a motion for leave to amend on the basis of futility 'means the district court has read the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'"  Chabad of N. Fulton, 2011 WL 4900037, at * 5 (quoting Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010)).  When the plaintiff is a trustee in a bankruptcy hearing, courts give "more leeway in pleading."  Sergeant v. One West Bank (In re Walter), 462 B.R. 698, 707 (Bankr. N.D. Iowa 2011).  This Court has been liberal in granting amendments in this particular bankruptcy, considering the large volume of adversaries and the difficulties in finding witnesses and records following the immigration raid and criminal charges.  Saracheck v. Best Value Food Prods., LLC (In re Agriprocessors, Inc.), 2012 WL 4919790, *7 (Bankr. N.D. Iowa Oct. 15, 2012) ("The Court takes a liberal position in allowing amended pleadings in this particular bankruptcy case.").

To plead that the defendant is a non-statutory insider, the trustee must plead facts about the close relationship between the Defendant and Debtor and that the transaction occurred at less than arm's length.  Sarachek v. The Right Place, Inc.

8

(In re Agriprocessors, Inc.), 2011 WL 4621741, at *10 (Bankr. N.D. Iowa Sept. 30, 2011). Trustee pled both of those facts in his Amended Complaint. Considering the more lenient standard for bankruptcy trustees and the context of this bankruptcy, the Court finds that the amended complaint would withstand a motion to dismiss, and is therefore not futile. See Chabad of N. Fulton, 2011 WL 4900037, at *6–7 (determining that an amendment was not futile when trustee alleged that an insider relationship existed based on a "familial relationship").

Furthermore, allowing the amendment in this case furthers this Court's preference to decide cases on the merits rather than on mere technicalities. See id. at * 7; see also Klaudt v. U.S. Dep't of Interior, 990 F.3d 409, 411 (8th Cir. 1993) ("The requirements of the rules of procedure should be liberally construed, and mere technicalities should not foreclose our consideration of a case on its merits."). Rejecting a motion to amend to correct a mere clerical error, especially where there is no undue prejudice to the defendant, is contrary to this policy. Therefore, the Court grants Trustee's Motion to Amend to Correct Clerical Error.

## II.   Standard for Summary Judgment

Defendant moves for summary judgment on Trustee's preferential transfer claim. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Fed. Bankr. R. P. 7056. "The granting of

summary judgment is proper if, after viewing the evidence and drawing all

reasonable inferences in the light most favorable to the nonmovant, no genuine

issues of material fact exist and the movant is entitled to judgment as a matter of

law." Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007).

The moving party bears the burden of showing that there are no genuine

issues of material fact. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d

465, 468 (8th Cir. 2004). The moving party may discharge its burden by

demonstrating that the nonmoving party does not have evidence to support its case.

Celotex v. Catrett, 477 U.S. 317, 325 (1986). "Once the movant has supported the

motion, the non-moving party 'must affirmatively show that a material issue of fact

remains in dispute and may not simply rest on the hope of discrediting the

movant's evidence at trial.'" In re Houston, 385 B.R. 268, 271 (Bankr. N.D. Iowa

2008) (quoting Barge v. Anheuser-Busch, 87 F.3d 256, 260 (8th Cir. 1996)).

"A fact is material if it 'might affect the outcome of the suit under the

governing law.'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material

fact is genuine if a reasonable jury could return a verdict for the nonmoving party

on the question. Anderson, 477 U.S. at 252. Evidence that raises "some

metaphysical doubt as to the material facts" will not create a genuine issue of fact.

Matsushita v. Zenith Radio, 475 U.S. 573, 586 (1986). "'Where the record taken

as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no genuine issue for trial.'" <u>Blocker v. Patch (In re Patch)</u>, 526 F.3d 1176,

1180 (8th Cir. 2008) (quoting <u>Matsushita</u>, 475 U.S. at 587)).

### III.  Summary Judgment on the § 547 Preferential Transfer Claims

In Count One of the Amended Complaint, Trustee seeks to recover the

transfers from Debtor to Defendant as fraudulent conveyances under § 548.  To the

extent that Defendant provided value for the transfers, Count Two seeks to recover

the transfers as preferential transfers under § 547.  Defendant moves for summary

judgment on Count II.  Normally, a trustee is allowed under § 547 to recover

preferential transfers made within 90 days of the bankruptcy filing.  That period is

extended for transfers made with one year of bankruptcy petition, if the defendant

is an "insider" of Debtor.  11 U.S.C. § 547(b).  Of the $375,000.00 Debtor

transferred to Defendant, none was transferred within 90 days of bankruptcy.

However, $90,000.00 was transferred within a year of the petition.  That is the

maximum amount Trustee can even potentially recover under § 547, if he shows

Defendant was an insider, and the other relevant elements of § 547(b).

A trustee may avoid a transfer as preferential if the transfer of the debtor's

property (1) was for the **creditor's benefit**; (2) was for a preexisting debt; (3)

occurred while the debtor was insolvent; (4) occurred within ninety days of filing

the bankruptcy petition, or **within one year if the defendant is an insider**; and (5)

the creditor received more than it would have received in a Chapter 7 liquidation.

11 U.S.C. § 547(b) (emphasis added).  Defendant argues it is undisputed that she is

not a creditor or an insider.

### A.   Whether Defendant Is A Creditor

Defendant argues that summary judgment is appropriate on the § 547(b)

claim because Trustee has stated that Defendant is not a creditor of Debtor's.  In

Defendant's Request for Admissions, Defendant requested the following

admissions from Trustee:

> Request No. 1: Admit the defendant was a creditor of the debtor for
> all times encompassed by the complaint.
>
> Answer: Deny.  Plaintiff has neither located nor received any
> evidence of a debt.
>
> Request No. 2: Admit that the plaintiff denies that the defendant was a
> creditor of the debtor for all times encompassed by the complaint.
>
> Answer: Admit.  Plaintiff denies that the defendant was a creditor of
> the debtor for all times encompassed by the complaint.

(Defendant's Motion Exh. A, ECF Doc. No. 52, at 9.)  Defendant argues that being

a creditor is a required component of avoiding a preferential transfer under § 547,

and that Trustee's denial of creditor status means that Trustee's claim must fail.

Trustee argues that he is allowed to plead alternative theories under Rule 8 and that

he pled both fraudulent transfers (requiring no debt or insufficient debt) and

preference (requiring a debt).  Trustee also argues there is substantial other

evidence which shows that Defendant has argued or admitted that she is a creditor. At a minimum, Trustee argues this shows that there is a factual dispute about Defendant's creditor status.

The Court first addresses the question of the effect of admissions or denials under the Rules of Civil Procedure. Rule 36 allows a party to serve a request on the other party to admit facts, opinions, or the application of law to facts. Fed. R. Civ. P. 36(a)(1); Fed. Bankr. R. P. 7036. A fact that is admitted in a request for admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The conclusive, binding effect of admissions under Rule 36 remains even when a party pleads alternative theories. Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803–04 (3d Cir. 1992) ("We see no reason why rigorous application of Rule 36 undermines the privilege to plead in the alternative. A party may certainly allege inconsistent facts in its pleadings, but requests for admission typically come late in discovery, or even after discovery has been completed and trial is imminent."). "If facts that are admitted under Rule 36 are 'dispositive' of the case, then it is proper for the district court to grant summary judgment." Quasius v. Schawn Food Co., 596 F.3d 947, 950–51 (8th Cir. 2010) (citing Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir. 1996)).

Not all admissions are dispositive of the issues. When a party pleads alternative theories the court should look at the wording of the admissions to determine whether the party has foreclosed its ability to proceed on multiple theories. See Langer, 966 F.2d at 804–07 (looking at responses and determining that, although the admissions were binding, they did not show that the party was relying solely on one theory). In some instances, the admissions may just indicate that the party has a preference for one theory over the other, not that the party is relying exclusively on one theory. Id. at 805 ("In our view, these responses were merely reassertions of [the party's] primary theory of the case . . . . Nothing in these admissions suggests that [the party] elected to abjure reliance on the backup . . . theory.").

Courts generally do not allow parties to use other evidence, such as "self-serving" affidavits, to negate admissions and create a fact issue at summary judgment. Praetorian Ins. Co. v. Site Inspection, LLC, 604 F.3d 509, 514 (8th Cir. 2010) (stating than an affidavit that was simply an individual's "own perspective in hindsight" was "not enough to raise a genuine issue of material fact" to dispute a Rule 36 admission); Bender v. Xcel Energy, Inc., 507 F.3d 1161, 1168 (8th Cir. 2007). However, district courts do have some discretion in determining the significance of the admissions and whether the admissions have dispositive effect given all the consequences. Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 64

14

F.3d 1202, 1210 (8th Cir. 1995) (stating that district courts are "in the best position

to assess the significance of these responses" and noting that "[i]ssues change as a

case develops, and the relevance of discovery responses is related to their context

in the litigation").  Despite the general rule that admissions are conclusive, in

certain situations courts are willing to consider other evidence that supersedes the

admission.  <u>Bender</u>, 507 F.3d. at 1168.  For example, the Eighth Circuit affirmed a

district court's decision to look at the plain language of employee benefits plans

rather than relying on a party's admission.  <u>Id.</u>  ("While self-serving subsequent

affidavits that conflict with a prior Rule 36 admission may not warrant setting

aside the admission, the district court did not rely only on [the] subsequent

affidavit . . . .  Rather, the court looked to the language of the 2000 Statement itself

as well as language from the 2002 Restatement, which recounted the history of the

relevant deferred compensation plans.").

Unlike admissions, denials of requests for admissions do not have

conclusive effect.  <u>See</u> Fed. R. Civ. P. 36(b) ("A matter <u>admitted</u> under this rule is

conclusively established . . . ." (emphasis added)).  Rather than establishing a

conclusive proposition, a denial creates a factual dispute.  <u>See</u> <u>Langer</u>, 966 F.2d at

805 ("[A] denial of a Rule 36 request for admission simply leaves the denied

proposition in dispute for trial."); <u>Stockdale v. Stockdale</u>, No. 4:08-CV-1773, 2009

WL 5217001, at *2 (E.D. Mo. Dec. 30, 2009) ("Further, a party cannot read into

evidence the other party's denial or refusal to admit a fact, as a denial or refusal to answer is not evidence of any fact.").

Trustee's response to the first request here was a denial, not an admission, so it does not have conclusive effect. The response to the second request is in the form of an admission. As an admission, it normally has conclusive effect and Trustee would be bound to that statement. However, given all the circumstances here—including the number of times Defendant herself claims to owe a debt—the Court finds the admission is not dispositive—and a fact question remains.

The Court must account for Trustee's ability to argue the alternative theories of fraudulent conveyance and preferential transfer. The admission reaffirms the Trustee's denial of Defendant's status as a creditor. Read together with the first request, the reason for Trustee's position is that he has found no evidence of a debt. Trustee's position is that the "loan" Defendant allegedly made was not to Debtor, but was to a separate entity named Hilgar Ltd. The admission is consistent with that theory. This does not suggest that Trustee intended to rely <u>solely</u> on the fraudulent conveyance theory, only that Trustee's primary theory is fraudulent conveyance under § 548.

Additionally, the Trustee points out there is other evidence that suggests a fact issue exists on the question of whether Debtor owed a debt to Defendant. This evidence comes from Defendant. In Defendant's Response to Plaintiff's First Set

of Request for Admissions, Defendant admitted to receiving the transfer in satisfaction of an obligation owed by Debtor, being a creditor of Debtor, and receiving the transfers on account of an antecedent debt.  (Defendant's Response to Plaintiff's First Set of Request for Admissions, ECF Doc. No. 56-1, at 1–2.) Defendant also claimed that she loaned money to Debtor, and she provided affidavits of three other individuals that said Defendant loaned Debtor money. (Defendant's Supplemental Answers to Plaintiff's Interrogatories, ECF Doc. No. 56-1, at 2–3.); (Affidavit of Joseph Rubashkin, ECF Doc. No. 56-1.); (Affidavit of Abraham Rubashkin, ECF Doc. No. 56-1.); (Affidavit of Gutol Leiter-Goldman, ECF Doc. No. 56-1.)  This evidence does not consist solely of "self-serving affidavits" made by the Trustee.  It comes from Defendant's admissions and affidavits.  Therefore, Trustee's admission does not foreclose him from arguing that a preferential transfer—based on an antecedent debt to Defendant—may exist. The Court thus denies Defendant's Motion for Summary Judgment on Defendant's argument it is undisputed she was not a creditor in this case.

### B.   Insider Status

Defendant next argues summary judgment is required because Trustee has failed to show Defendant was an "insider" of Debtor.  For the Trustee to avoid a preferential transfer, the transfer must have either occurred within ninety days before the bankruptcy, or within one year if the creditor is an insider.  11 U.S.C.

§ 547(b).  As noted above, the last check from Debtor to Defendant was written

June 10, 2008 and cleared July 21, 2008.  Debtor filed bankruptcy on November 4,

2008 and it is undisputed that none of the transfers to Defendant occurred within

the ninety days before bankruptcy.  At most, Trustee here can recover only

transfers made within a year of filing if Trustee shows Defendant is an insider.

> An insider includes:
>
> (B) if the debtor is a corporation--
> >  (i) director of the debtor;
> >  (ii) officer of the debtor;
> >  (iii) person in control of the debtor;
> >  (iv) partnership in which the debtor is a general partner;
> >  (v) general partner of the debtor; or
> >  (vi) relative of a general partner, director, officer, or person in control of the debtor;

11 U.S.C. § 101(31).

This statutory definition of insider is not limiting, and individuals or entities

not listed in § 101(31) may still be considered insiders.  Helena Chem. Co. v.

Richmond (In re Richmond), 429 B.R. 263, 297 (Bankr. E.D. Ark. 2010) ("The

court is allowed to look beyond the statute to determine if someone is an insider.");

see also Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.).  Whether a

party is a non-statutory insider is "a mixed question of law and fact."  Stalnaker v.

Gratton (In re Rosen Auto Leasing, Inc.), 346 B.R. 798, 803 (B.A.P. 8th Cir.

2006).  "An insider is one who has a sufficiently close relationship with the debtor

that his or her conduct should be subject to closer scrutiny than those dealing at

arms length with the debtor." Id. at 804. Courts consider the "closeness of the

relationship" and whether the creditor has control over a debtor when determining

whether a party is a non-statutory insider. Id. "A creditor not dealing at arm's

length with debtor, and whose special relationship with debtor enables it to compel

payment of its claim, has sufficient control over debtor to be deemed an insider."

Eide v. Nat'l City Capital Corp. (In re Riversideworld, Inc.), 366 B.R. 34, 43

(Bankr. N.D. Iowa 2007) (citing In re Controlled Power Corp., 351 B.R. 470, 475

(Bankr. N.D. Ohio 2006)).

The Court notes that the discussion of the "insider" question—and in

particular whether there is a factual dispute about it—is severly hampered here

because neither party submitted a statement of undisputed facts. There are a few

"facts" that the Court can glean from the record it has. Discussion will necessarily

be limited by those facts—and possibly the holes they leave in the record.

Trustee argues that Defendant is an insider based on the close relationship

between Defendant and Debtor. Trustee points to facts developed in another

adversary, where Shimon Leiter (Sholom Rubashkin's nephew) testified that

Defendant loaned Debtor money. He described Defendant as a "friend" of the

Rubashkin family for many years. He discussed Defendant's loan among the few

others he knew to be made by close friends and relatives of Rubashkin. Although

there may be a fact issue on whether this friendship is a "sufficiently close

19

relationship," the factual evidence that the transaction occurred at less than arm's

length is far less clear.  Friendship alone is not enough to find that a non-statutory

insider relationship exists.  See Rosen Auto Leasing, 346 B.R. at 804 (determining

that defendant was not an insider despite a "prior social relationship"); Pfeiffer v.

Thomas (In re Reinbold), 182 B.R. 244, 246 (D.S.D. 1995) ("[C]ase law

demonstrates that friendship alone is insufficient to confer insider status . . . ."); see

also Allred v. I-90 Fuel Servs. (In re Kirschman), Bankr. No. 10-10092, Adv. No.

12-1011, 2012 WL 5590558, at *3 (Bankr. D.S.D. Nov. 15, 2012) (granting

defendant's motion for summary judgment when the trustee's allegation of insider

status was based solely on an employer–employee relationship, and the trustee had

not identified any information that "[d]efendant's transactions with [d]ebtor were

conducted at less than arm's length").

    The limited evidence on whether the transactions between Defendant and

Debtor occurred at less than arm's length deals primarily with the fact that there is

no documentation of the loan coupled with the fact that a big part of it went to a

totally different party—Hilgar, Ltd.  The absence of explanation provided by

Defendant on the lack of documentation and why much of the "loan" went to

another party raises at least a question of fact about whether and to what extent the

transaction was conducted at arm's length.  The Court reaches this conclusion by

stretching the inferences in favor of the non-moving party to the maximum extent

possible.  Again, the lack of a statement of material facts by movant has hampered the Court's understanding of the record and factors in to giving the Trustee the benefit of the doubt in this case.

**WHEREFORE,** Trustee's Motion to Amend to Correct Clerical Error is **GRANTED.**

**FURTHER**, the Defendant's Motion and Cross Motion for Summary Judgment is **DENIED**.

Dated and Entered: March 28, 2013

_____

**THAD J. COLLINS, CHIEF JUDGE**
**UNITED STATES BANKRUPTCY COURT**